O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA L. EAGER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. ED CV 12-1148-SP<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.
## PROCEEDINGS

On July 18, 2012, plaintiff filed a Complaint for Review of Final Decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On July 20, 2012, the court issued its Case Management Order in this matter. The Case Management Order set forth, inter alia, a schedule for the preparation and filing of the Memorandum in Support of Plaintiff's Complaint, following the filing of the Answer. Defendant filed her Answer on December 4, 2012. Accordingly, by the terms of the Case Management Order, plaintiff would have had until January 3, 2013 to file the Memorandum in Support of Plaintiff's Complaint. Pursuant to a

1

stipulation filed by the parties, on December 28, 2012, the court extended the briefing schedule, giving plaintiff until February 2, 2013 to file his Memorandum in Support of Plaintiff's Complaint.

On January 22, 2013, counsel for plaintiff filed a Notice of Motion and Motion to Withdraw as Attorney of Record. On January 28, 2013, the court granted the motion and extended the deadline to file the Memorandum in Support of Plaintiff's Complaint to March 14, 2013.

On March 21, 2013, having received neither the Memorandum nor any communication from plaintiff, the court ordered plaintiff, who is now pro se, to show cause in writing, not later than April 5, 2013, as to why this action should not be dismissed for failure to prosecute. On March 26, 2013, the court's notification of the Order to Show Cause, which had been mailed to plaintiff by the court, was returned to the court as undeliverable by the Postal Service. The court then discovered that the mail had been sent to a wrong address.

On April 18, 2013, the court issued a second Order to Show Cause, ordering plaintiff to show cause in writing, not later than May 3, 2013, as to why this action should not be dismissed for failure to prosecute. The court indicated in that Order that plaintiff may discharge the Order to Show Cause by filing, not later than May 3, 2013, a written request for a reasonable extension of time for plaintiff to prepare, file, and serve a Memorandum in Support of Plaintiff's Complaint. In addition, the court warned plaintiff that failure to respond to the Order to Show Cause by May 3, 2013, or further failure to prosecute this action in accordance with the Case Management Order and other court orders, could result in dismissal of this action for failure to prosecute.

To this date, since plaintiff became pro se, the court has received no communication from him. Plaintiff has filed neither the Memorandum in Support of Plaintiff's Complaint, which was due on March 14, 2013, nor a request for

extension of time to file the Memorandum. He has filed neither a response to the April 18, 2013 Order to Show Cause, which was due on May 3, 2013, nor a request for extension of time to file a response.

## II.

## DISCUSSION

It is well established that a district court may dismiss a plaintiff's action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). But dismissal is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

In determining whether to dismiss a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In this case, both the first factor (public's interest in expeditious resolution of litigation) and the second factor (the court's need to manage its docket) strongly favor dismissal. After plaintiff's counsel withdrew, on January 28, 2013, the court gave plaintiff a further extension of time to March 14, 2013 to submit the Memorandum in Support of Plaintiff's Complaint. Plaintiff failed to abide by the court's January 28, 2013 Order and did not file either the Memorandum or a time

extension request.  The court then gave plaintiff additional chances, issuing Orders to Show Cause on March 21, 2013 and April 18, 2013, giving plaintiff until May 3, 2013 to file a request for more time to deliver his Memorandum.  To date, plaintiff has neither filed his Memorandum nor a response to the Order to Show Cause.  In fact, since his counsel withdrew more than three months ago on January 28, 2013, plaintiff has not communicated with the court.  Plaintiff's noncommunication and noncompliance with the court's orders have "caused [this] action to come to a complete halt, thereby allowing plaintiff[] to control the pace of the docket rather than the Court."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and citation omitted).  Allowing him to continue to do so would frustrate the public's interest in the expeditious resolution of litigation, as well as the court's need to manage its own docket.  *See id.*

      A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.  Plaintiff has neither submitted the Memorandum, requested extension of time to submit the Memorandum, nor responded to the court's April 18, 2013 Order to Show Cause.  *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay . . . .").  Thus, the third factor also weighs in favor of dismissal.

      It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with the court's orders issued on January 28, 2013, March 21, 2013, and April 18, 2013, plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's

4

failure to move this case toward a disposition at a reasonable pace. Thus, even weighing the fourth factor, the balance still tilts in favor of dismissal.

Finally, the court attempted to avoid dismissal by: (1) advising plaintiff in its January 28, 2013 Order that plaintiff is cautioned that any failure to timely file a Memorandum in Support of Plaintiff's Complaint or other failure to comply with the court's orders may be grounds for dismissal of this action for failure to prosecute; and (2) advising plaintiff in its March 21, 2013 Order to Show Cause and its April 18, 2013 Second Order to Show Cause that failure to respond to the Order, or failure to prosecute this action in accordance with the Case Management Order and other court orders, may result in dismissal of this action for failure to prosecute. Plaintiff has neither complied with nor responded to either of the court's orders. Nor has plaintiff otherwise communicated with the court. The court notes that the instant action is being dismissed without prejudice, a significantly less drastic sanction than dismissal with prejudice. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this action is warranted for failure to prosecute.

### III.
### **ORDER**

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: May 10, 2013

SHERI PYM
United States Magistrate Judge